UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-60807-WPD

PURPLE INNOVATION, LLC,

    Plaintiff,

  v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO FILE UNDER SEAL

Plaintiff PURPLE INNOVATION, LLC ("Plaintiff" or "PURPLE INNOVATION"), by and through its undersigned counsel and pursuant to S.D. Fla. L.R. 5.4(b)(1), respectfully moves for an order allowing Plaintiff to file Schedule A to Plaintiff's Complaint, which identifies the Defendants to the above-styled action, under seal, and in support respectfully refers the Court to the following Memorandum of Law.

## MEMORANDUM OF LAW

Good cause exists for the requested order. Plaintiff has learned that Defendants are engaging in the promotion, advertisement, distribution, offering for sale, and sale of goods within this District bearing copies of Plaintiff's trademarks, or which infringe Plaintiff's patents, without authorization through various Internet-based e-commerce stores. Defendants' infringing activities are causing irreparable injury to Plaintiff and causing an overall degradation of the reputation associated with Plaintiff's intellectual property. Accordingly, Plaintiff is seeking *ex parte* relief in this action.

Temporarily sealing these portions of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. *See Dell Inc. v. BelgiumDomains, LLC*, Case No. 07-22674, 2007 U.S. Dist. LEXIS 98676, at *19 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants, who operate their counterfeiting business electronically, "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings). Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

As Defendants engage in illegal trademark counterfeiting activities as well as patent infringement, Plaintiff has no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal trademark and patent laws.

WHEREFORE, Plaintiff respectfully requests that Schedule A to Plaintiff's Complaint remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief and, if granted, the relief ordered therein has been effectuated. At that time, all pleadings and orders will be made available to Defendants.

| | |
|---|---|
| Dated: April 28, 2025 | Respectfully submitted,<br><br>**BOIES SCHILLER FLEXNER LLP**<br><br>By: */s/ Leigh Salomon*<br>Leigh Salomon (FL Bar No. 1054106)<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33131<br>Tel: (305) 357-8450<br>lsalomon@bsfllp.com<br><br>*Attorney for Plaintiff PURPLE INNOVATION, LLC* |